UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CYNTHIA PACHECO, on behalf
of J.P.,

        Plaintiff,

v.                                                            CASE No. 8:06-CV-1157-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

        Defendant.
_____


O R D E R

      The plaintiff seeks judicial review of the denial of her claim for

supplemental security income payments on behalf of her young daughter.[2]

Because the decision of the Commissioner of Social Security is supported by

substantial evidence and does not contain reversible error, the decision will be

affirmed.

I.

_____

     [1]Michael J. Astrue has become the Commissioner of Social Security.  Pursuant
to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo
Anne B. Barnhart as the defendant in this suit.


     [2]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 15).

Jacyn Pacheco was born on December 4, 1998, and was six years old at the time of the administrative hearing (Tr. 60, 341). The plaintiff, who is the child's mother, has filed a claim for supplemental security income. She alleges that the child is disabled due to an attention deficit disorder (Tr. 64). The claim was denied initially and upon reconsideration.

The child's mother, at her request, then received a de novo hearing before an administrative law judge. Following the hearing, the law judge found that the child has an attention deficit hyperactivity disorder (Tr. 25). The law judge concluded, however, that the child does not have an impairment which meets, or equals, the criteria of an impairment in "Section 112.11 of the Listing of Impairments or in any other section" (Tr. 27). The law judge also determined that "the child does not functionally equal, singly or in combination, any listed impairment" (Tr. 30). The law judge, therefore, determined that the child was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. 416.924(a). The first step is to determine whether the child is actually

working at substantial gainful activity.  20 C.F.R. 416.924(b).  If not, the second step asks whether the child has a severe impairment.  20 C.F.R. 416.924(c).  If she does not, the child is considered not disabled.  Id.  If there is a severe impairment, the third, and final, step in the analysis is to determine whether the child has an impairment that meets, medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1.  20 C.F.R. 416.924(d).  If the child does, then she is deemed disabled.  20 C.F.R. 416.924(d)(1).  If she does not, then she will be found not disabled.  20 C.F.R. 416.924(d)(2).

As with claims by adults, a determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence.  <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the child is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

In this case, the law judge found that the child has an attention deficit hyperactivity disorder, but concluded that she was not disabled (Tr. 25, 30).  The plaintiff argues that the law judge erred in not according substantial weight to the child's treating sources, in giving substantial weight to the opinions of state agency doctors, by improperly evaluating the six domains with regard to the child's functional limitations, by not evaluating the plaintiff's testimony, and by not properly evaluating listing 112.11 with respect to the child's attention deficit hyperactivity disorder (Doc. 10, pp. 7-

- 4 -

10).  None of the plaintiff's arguments warrants reversal of the law judge's decision.

A.  As indicated, the plaintiff asserts that the law judge erred in not according substantial weight to the opinions of the child's treating sources (id. at p. 7).  This undeveloped argument is baseless.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004).   Good cause exists when the treating physician's opinion is not bolstered by the evidence, when the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff's argument can be disregarded for insufficient development.  The Commissioner correctly responds that the plaintiff has not provided citations to the record to support her argument and has not even identified the treating doctors' opinions which she claims the law judge improperly discounted (Doc. 16, p. 6; see Doc. 10, p. 7).  The plaintiff was forewarned that her argument had to include citations to the pertinent facts in

the record, and that the failure to do so would cause her argument to be disregarded (Doc. 11, p. 2).

Moreover, contrary to the plaintiff's assertion, the law judge gave significant weight to the child's treating psychiatrist, Dr. Sajjad F. Hussain (Tr. 25). Thus, the law judge stated that he "has given significant weight to the opinion of [the child's] [treating] psychiatrist" (id.). He further explained that the psychiatrist "has prescribed the right medication to control [the child's] attention deficit hyperactivity disorder to where she is able to successfully perform in school, as well as relate to teachers and peers" (id.). In this respect, Dr. Hussain's treatment notes indicate that the child's condition improved after being placed on medication. For example, Dr. Hussain reported in February 2005 that the child was "doing [a]lot better now that she is taking Ritalin after lunch at school" (Tr. 328). He also noted in March 2005 that the child was "doing well in school" and in April 2005 she was "doing very well" (Tr. 326, 327). He also indicated in June and July 2005 that the child's impulse and anger control were "better" (Tr. 333, 334). Therefore, the evidence from the child's treating psychiatrist indicates that her condition significantly improved after she was treated by that doctor. Since Dr. Hussain's notes support the law judge's decision and undercut the

plaintiff's claim, the plaintiff's argument that the law judge failed to give proper weight to the opinions of treating sources is patently meritless.

B.  The plaintiff also argues that the law judge erred in giving substantial weight to the opinions of state agency consultants (Doc. 10, p. 8). The plaintiff is clearly mistaken.  The law judge expressly stated that "[l]ittle weight has been given to the opinion[s] of the [s]tate agency consultants" (Tr. 25).  He explained that this was because he had received additional medical evidence that was not before the reviewers when they rendered their opinions (id.).

Anomalously, however, in the same argument the plaintiff complains that the law judge without explanation gave less weight to the opinions of the reviewers that the child had a marked limitation of interacting and relating to others (Doc. 10, p. 8).  This contention is also groundless because, in fact, the law judge came to this same conclusion (Tr. 28).

In this argument, the plaintiff mentions, somewhat inexplicably, a psychological evaluation by Dr. Lillian M. Lambert.  Dr. Lambert in March 2003 did opine that the child has "social behavioral problems, moderate to severe impairment of functioning in social skills, [and] episodes of aggressive behavior" (Tr. 176).  However, the law judge noted that Dr. Lambert had first

evaluated the child in January 2003, when the child "was displaying aggressive behavior and running out of day care" (Tr. 22). Dr. Lambert at that time recommended that the child needed to be seen by a psychiatrist for medication management (Tr. 169). The child was subsequently seen by a treating psychiatrist, who placed her on medication and thereafter noted that she was "doing very well" and that her impulse and anger control were "better" (Tr. 25, 327, 333, 334).

Notably, Dr. Lambert's evaluation was before the two reviewing psychologists, each of whom concluded that the child did not meet the requirements for a finding of disability (Tr. 212, 248). Moreover, it appears that Dr. Lambert was an evaluating psychologist and not a treating source. In all events, there is nothing about the plaintiff's cryptic reference to Dr. Lambert's evaluation that warrants a conclusion that the law judge's findings are not supported by substantial evidence.

C. The plaintiff's next contention is that the child has marked and severe limitations that are functionally equal to a listed impairment. In this respect, she seeks to rely on the approach of demonstrating that the child has an extreme limitation in one, or a marked limitation in two, of six "domains" of functioning. 20 C.F.R. 416.926a(a). A "marked" limitation is

one that interferes seriously with the child's ability to independently initiate, sustain, or complete activities.   20 C.F.R. 416.926a(e)(2)(i).   It means a limitation that is more than moderate, but less than extreme.  Id.  An extreme limitation, which is the rating given to the worst limitations, is one that interferes very seriously with the child's ability to independently initiate, sustain, or complete activities.  20 C.F.R. 416.926a(e)(3)(i).  The six domains of functioning are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for herself, and (6) health and physical well-being.  20 C.F.R. 416.926a(b)(1).

The plaintiff does not explain how the law judge erred in analyzing the six domains (Doc. 10, pp. 8-9).  This argument is appropriately denied due to a lack of development.  The only citation to the record is to incident reports from 2001 and 2002 at Little Explorers Preschool regarding the child's behavior.  Those records, which are from a period before the alleged disability onset date of January 1, 2003, clearly cannot demonstrate that the law judge erred with respect to the six domains.  In other words, this contention can be denied on the ground that it does not comply with the scheduling order (Doc. 11, p. 2).  In all events, the plaintiff's failure to

develop an argument on this point means that the plaintiff has not set forth any grounds for concluding that the law judge committed reversible error with respect to any of the six domains.

The law judge found that the child has no limitations in the domain of acquiring and using information (Tr. 28).   The law judge's conclusion is unquestionably supported by substantial evidence.  For example, according to a teacher/counselor questionnaire, the child was described as being "very fast to follow directions" (Tr. 107).  Further, as noted by the law judge, based on a school psychological report, the child was found to be in the average range of intellectual ability and on a teacher questionnaire has been described as "a very bright little girl" (Tr. 28, 86, 243).

With respect to the domain of attending and completing tasks, the law judge noted that "[t]his domain considers how well the child focuses and maintains attention; begins, carries through, and finishes activities (including the pace activities are performed); and the ease with which the child changes activities" (Tr. 28).   See 20 C.F.R. 416.926a(h), see also 20 C.F.R. 416.926a(h)(2)(iii) (preschool children).  The law judge found that the child had limitations in this domain, but that they were less than marked (Tr. 28). The law judge explained this finding as follows (id.):

> The child was diagnosed with an attention deficit hyperactivity disorder. The teacher evaluation at 4E shows a slight or no problem in 8 out of a possible 13 different areas. She demonstrated some limitation in "wanting to take her time and in changing from one activity to another." The report from ["]The Harbor" shows that she made positive progress and was promoted into mainstream kindergarten with some ESE services (Exhibit 15F).

In addition, Dr. Hussain, the child's treating psychiatrist, noted regularly, although not always, that the child's attention span was within normal limits (see, e.g., Tr. 258, 259, 260, 261, 280, 327, 328, 329, 333, 334, 335). The plaintiff has not cited to evidence in the record that compels a finding that the child has a marked limitation in this domain.

In the third domain of interacting and relating with others, the law judge found that the child has marked limitations (Tr. 28). This appears to be the child's primary problem. The law judge explained the child "has shown persistent maladaptive behavior and inability to maintain satisfactory interpersonal relationships with peers or teachers (Exhibits 7F, 4E, and 8F)" (id.). The law judge noted, however, that the child has improved in this area, although the child still has some days in which she has problems (id.). As previously indicated, the child's treating psychiatrist, following the

prescribing of medication, routinely noted that the child was better and was doing well (see, e.g., Tr. 282, 326, 328, 334).  Significantly, the plaintiff makes no argument that the law judge should have found that the plaintiff has an extreme limitation in this domain.

In the domain of moving about and manipulating objects, the law judge found that the child has no limitations (Tr. 29).  The plaintiff does not challenge this finding.  In all events, there certainly is no basis for finding that the child has a marked limitation in this domain.

With respect to the domain of self-care, the law judge noted that "[t]he issue in this domain is how well the child maintains a healthy emotional and physical state including appropriately seeking and maintaining physical and emotional wants and needs; coping with stress and environmental changes; and caring for his or her own health, possessions, and living area" (id.).  The law judge found that the plaintiff has limitations in this domain, but that they were less than marked (id.).  He explained the finding as follows (id.):

> The [child] is able to take care of her personal hygiene and care for her physical needs (Exhibit 4E).  She demonstrated limitations in handling frustration properly and being patient (Exhibit 4E).  Progress notes from psychiatric services show that

more recently she is "doing fine" and reacting very
well to her medication (Ritalin) (Exhibits 12F and
16F).

The plaintiff has not pointed to any evidence in the record which
demonstrates that the finding regarding this domain is erroneous.   As
previously indicated, the plaintiff's sole citation on this issue relates to
incident reports of aggressive behavior prior to the alleged onset date and
before the time she was prescribed her medication (see Doc. 10, p. 9).   The
evidence does not even seem to support a conclusion that the child has marked
limitations in the domain of self-care and it certainly does not compel such a
conclusion.   Under the substantial evidence test, "findings of fact made by
administrative agencies ... may be reversed ... only when the record compels
a reversal; the mere fact that the record may support a contrary conclusion is
not enough to justify reversal of the administrative findings."   Adefemi v.
Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544
U.S. 1035 (2005).

The law judge stated that the issue in the final domain of health
and physical well-being concerns "the cumulative physical restrictions upon
functioning of physical and mental impairments and their associated
treatments or therapies on the child's functioning not considered in the

-13-

'Moving About and Manipulating Objects' domain" (Tr. 29).  The law judge

found that the plaintiff has limitations in this domain, but that they are less

than marked (Tr. 30).  He explained this finding as follows (id.):

> The [child] was doing a lot better with her
> medication prescribed for her condition (Exhibit
> 16F pp 1-3).  Her attention span was considered to
> be within normal limits at different times (Exhibit
> 18F).    According to her mother, the child
> manifested herself as being "loving, affectionate,
> and smart" (Exhibit 7F p 4).  Her child psychiatrist
> reported that she is doing a lot better now that she
> is on Ritalin (Exhibit 16F).

The plaintiff has not made any attempt to demonstrate that the law judge erred

with respect to this domain.  Thus, she does not even make an assertion that

the plaintiff has a marked limitation in this domain (Doc. 10, p. 9).

Obviously, therefore, she does not point to any evidence in the record in

support of such an assertion.

In sum, the law judge has reasonably concluded that the plaintiff

has only one marked limitation and no extreme limitation in the six domains.

Accordingly, the child cannot be found disabled on the ground that she has

limitations that are functionally equivalent to a listed impairment.

D.  In her final two arguments, the plaintiff asserts that the law

judge erred in evaluating her testimony and did not properly evaluate whether

the child met listing 112.11 for an attention deficit disorder (id. at p. 10).  The plaintiff provides no meaningful argument for her contentions.  Thus, the plaintiff's credibility argument consists of two sentences and the listing argument consists of one sentence (id.).  Moreover, there is no citation either to the facts or to the law (id.).  Therefore, these arguments are deemed abandoned (Doc. 11, p. 2).  In any event, the arguments lack merit.

The plaintiff's purported challenge to the law judge's credibility determination probably results from a scrivener's error in the findings.  Thus, the findings include the statement that "[t]he child's subjective complaints are considered credible only to the extent they are supported by the evidence of record as summarized in the text of this decision" (Tr. 30).  Since the six-year old child did not testify, the law judge plainly meant to refer to the mother's complaints.

Notably, the law judge did credit the mother's testimony in his decision.  Thus, in finding that the child had marked limitations in interacting and relating with others, the law judge specifically gave credence to the mother's testimony (Tr. 28).  He also expressly considered her testimony with respect to the domain of moving about and manipulating objects (Tr. 29).

-15-

Moreover, to the extent the law judge discounted the mother's testimony, he explicitly and adequately explained that determination.  <u>See Dyer</u> v. <u>Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005).  In this respect, the law judge stated (Tr. 25):

> Although the mother testified that [the child] has trouble getting along with others and following instructions, it appears that she has shown a lot of improvement in this area.  The [child] functions best with consistent rules and plenty of praise for good behavioral decisions. She did require therapy, but was dismissed as no longer requiring the services of her therapists.  The undersigned finds that the [child's] mother is only generally credible in her description of the [child's] limitations.  It may be that when she gets home after a long day of work, the child may be tired and may be more hyper.  Based on the reports from school, the [child] is functioning well and completing her work.  She becomes very involved in her work and likes to color.  The [child's] treating psychiatrist has also reported that [the child] was doing well and was a happy child.  The only recent problem noted was difficulty going to sleep and medication was prescribed.

This is a reasonable credibility determination.  It has long been the law that this court is not authorized to second guess that determination.  <u>See</u> <u>Celebrezze</u> v. <u>O'Brient</u>, <u>supra</u>.

It is appropriate to add that the plaintiff asserts further that the mother's testimony should be accepted as true. That assertion is meritless not only because the law judge made a reasonable credibility determination, but also because the plaintiff makes no attempt to show how her testimony, if fully credited, would result in a different decision. Significantly, the plaintiff's testimony included the statement that the child's medication has "helped very much" (Tr. 347).

The plaintiff also does not meaningfully argue that the child's condition meets, or medically equals, an impairment listed in Appendix 1. The law judge provided detailed reasons for his finding that the child's attention deficit hyperactivity disorder did not meet section 112.11 of the listing of impairments (Tr. 26-27). The plaintiff's one-sentence argument does not demonstrate that the finding was in error. Thus, the plaintiff has not made the particularized showing that is required to establish that the child meets, or equals, a listing. See Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). Consequently, the plaintiff's wholly undeveloped suggestion provides no basis for concluding that the law judge erred in finding that the child does not meet, or medically equal, a listed impairment.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED.

The Clerk is directed to enter judgment accordingly and to CLOSE this case.

DONE and ORDERED at Tampa, Florida, this <u>14th</u> day of August, 2007.


_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE